NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4033
_____

DEBBIE MILLIRON, individually
and on behalf of all others similarly situated

v.

T-MOBILE USA, INC.

LAW OFFICE OF SCOTT A. BURSOR; FARUQI & FARUQI, LLP;
GILMAN & PASTOR, LLP; MAGER & GOLDSTEIN, LLP,

Appellants

(Pursuant to Rule 12(a), Fed. R. App. Proc.)
_____

No. 09-4034
_____

DEBBIE MILLIRON, individually
and on behalf of all others similarly situated

v.

T-MOBILE USA, INC.

GARY HELLMAN; TAMARA RUIZ;
MARGARET GRIPALDI; MARGARET SCHWARZ,

Appellants

(Pursuant to Rule 12(a), Fed. R. App. Proc.)

_____

No. 09-4035
_____

DEBBIE MILLIRON, individually
and on behalf of all others similarly situated

v.

T-MOBILE USA, INC.

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER;
FRANKLIN & FRANKLIN; LAW OFFICES OF ANTHONY A. FERRIGNO;
REICH, RADCLIFFE & KUTTLER; LAW OFFICES OF CARL HILLIARD;
CUNEO, GILBERT & LADUCA; LAW OFFICES OF JOSHUA DAVIS,

Appellants

(Pursuant to Rule 12(a), Fed. R. App. Proc.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cv-04149)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2011

Before:  FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: April 14, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Law Office of Scott A. Bursor; Faruqi & Faruqi, LLP; Gilman & Pastor, LLP; Mager & Goldstein, LLP; Gary Hellman; Tamara Ruiz; Margaret Gripaldi; Margaret Schwarz; Bramson, Plutzik, Mahler & Birkhaeuser; Franklin & Franklin; Law Offices of Anthony A. Ferrigno; Reich, Radcliffe & Kuttler; Law Offices of Carl Hilliard; Cuneo, Gilbert & LaDuca; Law Offices of Joshua Davis (collectively, "Appellants") appeal from an order of the District Court granting an award of attorneys' fees. We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Beginning in 2003, Appellants represented various plaintiffs in several consolidated class action cases in California against cell phone providers, including T-Mobile USA, Inc. ("T-Mobile"), AT & T, Verizon, and Sprint. These actions challenged the providers' imposition of early-termination fees ("ETFs") in cell phone contracts, claiming that the fees violate state consumer protection laws. During the pendency of these cases, Appellants conducted discovery, deposed witnesses, and opposed T-Mobile's preemption challenge. Appellants also opposed a petition filed with the Federal Communications Commission by a trade association representing T-Mobile and other providers seeking a declaratory ruling that the Federal Communications Act preempted plaintiffs' state law claims. In addition, Appellants obtained a favorable ruling against

3

Sprint when the court held that the consumer claims were not preempted by federal law. The trial against Sprint proceeded, and the court ruled that the ETFs Sprint imposed were illegal under California law. Thereafter, Verizon settled the case against it for $21 million. Appellants also defeated T-Mobile's motion to compel arbitration and sought class certification against T-Mobile. Appellants engaged in settlement negotiations with T-Mobile, but they were unsuccessful.

Before the class could be certified against T-Mobile in California, Debbie Milliron filed a class action complaint in the United States District Court for the District of New Jersey challenging T-Mobile's use of ETFs. The District Court preliminarily certified the class and appointed Class Counsel. Thereafter, Class Counsel and T-Mobile agreed to a nationwide class action settlement of $13.5 million, encompassing the claims against T-Mobile in California. Class Counsel moved for an award of attorneys' fees of 33 1/3 % of the settlement proceeds. Appellants filed motions for their own share of the attorneys' fees, contending that their efforts in the actions pending in California against T-Mobile and other providers prompted T-Mobile to settle. Specifically, Appellants argued that their achievements in the California actions were so significant that they, as opposed to Class Counsel, deserved 80% of the fees.

The District Court conducted a fairness hearing, certified the class, and approved the settlement. In doing so, the District Court awarded attorneys' fees of $4.5 million, based on the percentage-of-recovery method and also conducted a lodestar crosscheck to

4

verify the reasonableness of the fee award. The District Court noted that it could award fees for work performed prior to the appointment of Class Counsel, and recalled the contributions of Appellants in the California actions. Ultimately, the District Court concluded that Class Counsel were entitled to the majority of the fees because they successfully settled the case, thereby achieving favorable results for the class. Reasoning that 16% of the class members reside in California, the District Court awarded Appellants 16% of the $4.5 million fee awarded, for a total of $720,000. Appellants filed timely notices of appeal.[1]

## II.

We review the District Court's award of attorneys' fees under an abuse-of-discretion standard. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3d Cir. 2005). An abuse of discretion "can occur if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir. 2001) (internal quotation marks omitted).

On appeal, Appellants advance two arguments: (1) that the District Court abused its discretion in allocating the attorneys' fee award and (2) that the District Court

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d), and we have jurisdiction under 28 U.S.C. § 1291.

5

incorrectly conducted the lodestar crosscheck in determining that the attorneys' fee award was reasonable.  We address each argument in turn.

Generally, a district court may rely on lead counsel to distribute attorneys' fees among those involved, but we have recognized that the court may take a greater role when separate counsel requests fees for work performed prior to the appointment of the lead plaintiff.  *See*, *e.g.*, *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 194-95 (3d Cir. 2005).  In deciding how to allocate fees, "[w]hat is important is that the district court evaluate what class counsel actually did and how it benefitted the class." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 342 (3d Cir. 1998). When awarding fees to non-lead counsel, "[o]nly work that actually confers a benefit on the class will be compensable."  *Cendant*, 404 F.3d at 197.

Before the District Court, Appellants argued that their efforts in the California action were the catalyst for the settlement in the case at hand and that Class Counsel merely filed a complaint.  Appellants assert that the District Court did not properly evaluate their contributions in comparison with those of Class Counsel in awarding them 16% of the attorneys' fees.  Appellants' claim is unpersuasive.  In a detailed decision, the District Court recognized that Appellants successfully litigated portions of the California actions against T-Mobile and other providers, noting that "their successes [in the California actions] are certainly worth compensating, however, because they directly benefited the California class of T-Mobile subscribers." (App. at 49.)  Even so, the

6

District Court rejected Appellants' argument that their efforts in separate cases – mostly against different defendants – would entitle them to the majority of fees in this case against T-Mobile.

In allocating fees, the District Court thoroughly considered "what counsel actually did and how it benefitted the class," *Prudential*, 148 F.3d at 342, namely, Class Counsel's success in bringing suit and negotiating a settlement for the class. The District Court appropriately credited Class Counsel's achievement in procuring a favorable settlement, something Appellants had not done. Appellants' argument that they logged more hours and filed more docket entries in the California actions than did Class Counsel in the case at hand is misplaced. The District Court's inquiry correctly focused on the essential consideration, the benefit to the class, not the amount of time expended. *See id.* The record demonstrates that the District Court properly considered Appellants' efforts in the California actions to determine "whether or not the attorneys' work provided benefits to the class." *Cendant*, 404 F.3d at 197. Having found that Appellants did benefit the California members of the class, the District Court appropriately exercised its discretion to award them a fee based on the percentage of class members who presumably benefitted from their work.[2] Because the District Court applied the proper legal standard,

---

[2] While other bases of apportionment could have been suggested, the basis that the District Court chose was not an abuse of discretion in this instance.

explained its reasoning in allocating fees, and arrived at a supportable conclusion, it did not abuse its discretion. *See Cendant PRIDES*, 243 F.3d at 727.

Next, Appellants assert that the District Court incorrectly conducted the lodestar crosscheck. In assessing attorneys' fees, we have approved the use of the percentage-of-recovery method and the lodestar method. *In re AT & T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). "The percentage-of-recovery method applies a certain percentage to the settlement fund," while "[t]he lodestar method multiplies the number of hours class counsel worked on a case by a reasonable hourly billing rate for such services." *Id.* The percentage-of-recovery method is favored in common fund cases, such as the settlement here. *Rite Aid*, 396 F.3d at 300. "[W]e have recommended that district courts use the lodestar method to cross-check the reasonableness of a percentage-of-recovery fee award." *AT & T*, 455 F.3d at 164. "The crosscheck is performed by dividing the proposed fee award by the lodestar calculation, resulting in a lodestar multiplier." *Id.* Although "the lodestar multiplier need not fall within any pre-defined range," *id.* at 172 (internal quotation marks omitted), we have approved a multiplier of 2.99 in a relatively simple case. *See Cendant PRIDES*, 243 F.3d at 742.

After calculating the fee award using the percentage-of-recovery method, the District Court compared the percentage fee award against the lodestar. The District Court calculated a lodestar for Class Counsel of $2,034,268.50. In dividing the fee award by the lodestar, the District Court arrived at a multiplier of 2.21, and found it within the

8

range of reasonableness. Alternatively, the District Court also included the lodestar of Appellants because it had awarded them fees. After adding Appellants' lodestar, the District Court arrived at a new lodestar of $5,007,003.25, yielding a multiplier of .9. The District Court likewise found that this multiplier indicated that the fee award was reasonable.

Appellants argue that the District Court should have excluded certain amounts from Class Counsel's lodestar, and should have conducted the crosscheck for their lodestar separately. These claims lacks merit. The lodestar crosscheck is intended to gauge the reasonableness of the attorneys' fee award as a whole. *See AT & T*, 455 F.3d at 164; *see also Rite Aide*, 396 F.3d at 306 ("In performing the lodestar cross-check, the district courts should apply blended billing rates that approximate the fee structure of *all attorneys who worked on the matter*." (emphasis added)). Indeed, the crosscheck is not the primary analysis in this type of case and does not entail "mathematical precision []or bean-counting." *Rite Aide*, 396 F.3d at 306. Having properly performed the lodestar crosscheck and explained the reasonableness of the multipliers, the District Court did not abuse its discretion.

III.

For the foregoing reasons, we will affirm the order of the District Court.